# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel, VICTOR E. BIBBY and BRIAN J. DONNELLY, | : : : | |
| | : | |
| Relators/Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MORTGAGE INVESTORS CORPORATION and WILLIAM L. "BILL" EDWARDS, | : : : | CIVIL ACTION NO. 1:12-CV-4020-AT |
| | : | |
| Defendants. | : | |

## ORDER

Relators have filed a Motion for Partial Reconsideration of the Court's August 12, 2016 Order on Bill Edwards' Motion to Dismiss and Request for Expedited Briefing [Doc. 496]. Relators have moved to seal this Motion. The Court finds good cause to seal the motion at this time, and so Relators' Motion to Seal [Doc. 497] is **GRANTED.**

The Court **DENIES** Relators' request for expedited briefing on their Motion for Reconsideration. The parties **SHALL** adhere to the briefing schedule provided by the Local Rules.

The Court understands that fact discovery in this matter is closing soon, and that Relators are concerned about bringing this case to final judgment (whether in their favor or in Defendants' favor) as quickly as possible. However,

in the event that the Court grants Relators' motion, it may be appropriate to reopen discovery for a brief period of time so as to allow for inquiry into the veil-piercing component of the case.[1]  The Court can and will revisit the issue with the parties in such an event.

**IT IS SO ORDERED** this 18th day of August, 2016.

Amy Totenberg
**United States District Judge**

---

[1] The parties already contemplated that something similar to this might happen when they submitted proposed discovery schedules back in the late winter and spring of this year.  In those schedules, both parties proposed a bifurcated discovery process that reserved discovery on the non-FCA claims until after the Court resolved MIC's Motion to Dismiss.  (*E.g.*, Relators' Proposed FCA Schedule, Doc. 429-1 ("The parties agree that it is too early to set firm deadlines for finalizing discovery into the fraud claims, because the parties do not know when the Court will resolve the pending motion to dismiss")).