# EXHIBIT A



**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania  19103-7300
www.dlapiper.com

Lesli C. Esposito
lesli.esposito@dlapiper.com
**T**  215.656.2432
**F**  215.606.2132

February 23, 2017
*Via Email & ECF*

The Honorable Amy Totenberg
U.S. District Court for the Northern District of Georgia
2388 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Re:     ***U.S. ex rel., Bibby v. Mortgage Investors Corp.*, 1:12-cv-04020-AT (N.D. Ga.)**
        **Response to Relators' February 15, 2017 Letter Regarding Discovery**

Dear Judge Totenberg:

        Mortgage Investors Corporation ("MIC") writes, in advance of the discovery conference scheduled for this afternoon, to briefly respond to relators' letter brief of February 15, 2017 regarding various discovery matters.[1]  For the Court's convenience, a copy of relators' letter brief is enclosed as Exhibit 1.  Notably, neither the Special Master nor the Court requested relators' to submit a letter.

        Indeed, as this Court is now likely aware, relators' counsel have consistently opposed the Special Master's attempts to preemptively resolve incipient discovery issues in this case.  (*See, e.g.,* Feb. 15, 2017 Email Between Parties' Counsel and Special Master, attached hereto as Ex. 2.)  And on February 15, 2017, relators' counsel again opposed the Special Master's request for a conference call because "[t]here seems, quite literally, nothing to discuss just now" (Email From J. Butler to Special Master, Ex. 2).  Yet on the very same day, relators' counsel sent their unrequested letter to the Special Master "to seek guidance regarding discovery issues in this case" (Ex. 1.), and copied the judicial law clerk of this Court.  The contradicting statements by relators' counsel are telling.  Rather than making a good faith attempt to resolve the purported discovery issues during the conference call with the Special Master, relators used their purported discovery issues to essentially circumvent this Court's Orders appointing the Special Master and to present this Court with a misleading update on discovery.[2]  Relators' conduct has again  resulted in an

---

[1]     This letter is respectfully submitted on behalf of MIC only.  Mr. Edwards is represented by different counsel.

[2]     While relators' letter is addressed to the Special Master, relators copied (via email) the judicial law clerk of this Court.  MIC again respectfully requests the Court to instruct relators to



The Honorable Amy Totenberg
February 23, 2017
Page Two

unnecessary exchange of letter briefs.  Such conduct not only causes further delay, but wastes the time of the Court, the Special Master, and MIC.

Relators' letter brief contains a great deal of hyperbole, but MIC will attempt to clarify the issues without engaging in tit-for-tat argument.  Relators' overarching complaint is that MIC has "attempt[ed] to subvert the Court's scheduling Order . . . by refusing to take part in veil piercing discovery,"  but nothing could be further from the truth. (Ex. 1 at 2.)  MIC timely complied with relators' discovery requests, and with the Special Master's Report and Recommendation ("R&R").  MIC has participated actively and in good faith in veil piercing discovery, made multiple productions of documents, and provided a privilege log.  Moreover, MIC has done so quickly and diligently.  Relators' allegations to the contrary are untrue, and are a thinly veiled attempt to create a pretext for yet another request for an extension of discovery, which they slyly reference at the very end of their letter.  Relators claim they don't know who should file such a request for an extension of discovery and MIC would like to make clear that they see no reason for a ninth extension of discovery in this case.  MIC has no intention of seeking an extension of discovery, does not believe such an extension is warranted or proper, and will in fact oppose any such request in the face of MIC's diligence in complying with its discovery obligations.

A.      MIC Document Productions

On January 2, 2017, relators served on MIC their Eighth Requests for Production ("RFPs").  Pursuant to the Court's Order, Doc. 610, MIC timely served preliminary objections on January 23, 2017.  Then, on January 27, 2017, the parties held a telephonic meet and confer, during which the parties clarified their respective positions.

On February 1, 2017, MIC timely served complete responses and objections, and made an initial production of documents.  MIC also continued the laborious process of searching for, collecting, and reviewing additional potentially responsive documents.  Relators' requests cover a wide range of topics, and many are quite sweeping.  As a result, the document collection and review process was a significant undertaking.  Nevertheless, MIC worked diligently and made a supplemental production on February 22, 2017, which MIC believes completes its production of documents in response to those RFPs.

---

cease sending email communications to the judicial law clerk of this Court.  MIC will not speculate as to why relators continue to copy the judicial law clerk of this Court, but will note that it is improper, particularly as relators' communications are often littered with misrepresentations and personal attacks.



The Honorable Amy Totenberg
February 23, 2017
Page Three

Also on January 27, 2017—the same day as the parties' meet and confer on the RFPs—the parties received the Special Master's R&R, which called for an additional production of documents from MIC. Although MIC respectfully disagreed with portions of the R&R, it elected not to file Rule 53 objections. MIC's view was that there had been an extraordinary proliferation of motion practice recently, and that the best course would be to not burden the Court with yet more paper. MIC deferred to the Court's sound judgment in evaluating the Special Master's recommendations in light of what was already an extensive record.

Relators attempt to manufacture an issue by describing the R&R as "self-executing" and claiming that MIC did not work fast enough, but that is incorrect. Nothing in the Federal Rules or the Court's Orders supports such an idea. Fed. R. Civ. P. 53(f); Order, Doc. 255 at 9. It is beyond dispute that the Court was not required to adopt the Special Master's recommendations; indeed, it was required to review the R&R and was empowered to reach its own conclusions. Fed. R. Civ. P. 53(f)(1) (empowering court to "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions"); *Adair v. Boat Dock Innovations, LLC*, No. 12-CV-01930, 2016 WL 4055674, at *1 (N.D. Ga. Mar. 21, 2016) ("Because there are no objections *and* because the Court finds the Special Master has not abused his discretion, the Court ADOPTS the R&R." (emphasis added)). The R&R plainly lacked the force of judicial authority until the Court adopted it just last week, which is why the Court's Order was necessary in the first place. *See* Order, Doc. 677. Relators' position is contrary to well-established law.

Regardless, MIC fully, and timely, complied with the R&R by making its production of responsive documents within one week of the Court's Order adopting it, and less than one month after the Special Master issued it. By necessity, until the R&R was adopted, MIC's higher priority had to be its collection and review of documents in connection with the Eighth RFPs, as well as its preparation for the numerous expert depositions in this case, because those tasks *already* had deadlines in force. Contrary to relators' accusation, however, that categorically does not mean that MIC ignored the R&R. In fact, MIC worked diligently to prepare its production. The reason MIC was able to act so quickly after the Court entered its Order is that MIC began the time-consuming process of searching for, gathering, and reviewing documents very quickly after the Special Master issued the R&R.[3]

---

[3]    MIC even voluntarily committed to producing the documents as soon as it was able, rather than waiting for the Court's Order. (Ex. 1 at 7.) The Court ended up adopting the R&R a few days before MIC could finalize its production, but the good intent was there nonetheless.



The Honorable Amy Totenberg
February 23, 2017
Page Four

### B.     Objections to Certain Discovery Requests

Relators' letter also raises three issues related to MIC that are already the subject of Notices of Dispute: (a) relators' subpoena to Grant Thornton; (b) documents related to Holland & Knight's representation of MIC; and (c) communications with two of William Edwards' family members. MIC's positions on these issues will be set forth in the appropriate briefing once ordered by the Court or the Special Master, but in the interest of clarity, a few points merit a brief mention. *See* Doc. 665 (regarding Grant Thornton); Doc. 663 (regarding Holland & Knight and Mr. Edwards's family).

####      a.     Grant Thornton

Relators issued a subpoena to Grant Thornton, a third party accounting firm that audited MIC's financials for several years, and Grant Thornton served relators with objections to those document requests, resulting in the present dispute.  MIC filed a response to relators' Notice of Dispute regarding Grant Thornton, in addition to the response that Grant Thornton itself filed, because MIC's privilege interests are implicated.  MIC does not know what documents are contained within Grant Thornton's files.  Grant Thornton has not provided that information, and because the files are apparently maintained in a proprietary software system, MIC does not currently have the technical ability to review the documents, even if they were made available to MIC.  Additionally, if Grant Thornton were to produce its files to relators, MIC would not have the opportunity to review them for privilege prior to their production.  Given MIC's lack of information regarding the contents of the files that relators have subpoenaed, MIC has stated that it does not want to make a blanket waiver of privilege.  That is an eminently reasonable position, and relators have made no attempt to propose a solution to this problem.

####      b.     Holland & Knight

Relators issued two RFPs seeking documents related to Holland & Knight's representation of MIC.  One RFP, No. 9, *expressly* seeks communications with outside counsel related to legal advice.  MIC's position is that any such documents are clearly privileged, and, consistent with this Court's prior Orders, need not be included in a privilege log.  *See* Order, Doc. 321 at 1.

Another RFP, No. 10, sought Holland & Knight's invoices.  The request serves no legitimate purpose, but MIC nevertheless attempted to avoid a discovery dispute about the issue. MIC discussed the issue with relators during the January 27, 2017 meet and confer, and then subsequently asked relators for a small amount of additional time to try to resolve the  potential



The Honorable Amy Totenberg
February 23, 2017
Page Five

privilege issues involved with producing such documents. Relators insisted that they could not wait, and filed a Notice of Dispute, Doc. 661. MIC has since produced the invoices with appropriate redactions. Thus, there should be no dispute on this issue.

### c.   Communications with Linda Edwards & Derek VanHoose

Relators' RFP No. 7 seeks "***all communications***" with two of Mr. Edwards' family members over a time period of more than seven years, without any limitation as to subject matter or custodian. This RFP is unduly vague and burdensome. As MIC noted in its objection to the RFP, responding to such an open-ended and ill-defined request would necessarily expose MIC to a risk of inadvertently failing to produce some obscure document and then having to defend against a certain sanctions motion. *See, e.g.*, *Yormak v. Yormak*, No. 14-CV-33, 2015 WL 1189845, at *2 (M.D. Fla. Mar. 16, 2015) (discussing over-broad discovery requests); *Wiand v. Wells Fargo Bank, N.A.*, No. 12-CV-557, 2013 WL 6170610, at *5 (M.D. Fla. Nov. 22, 2013) (same).

Moreover, there is no reason for MIC to have to navigate such a minefield. Relators have no legitimate reason for targeting two of Mr. Edwards' family members. This request is not probative of any element of veil piercing, and in light of the numerous other documents that MIC has produced, is not proportional to the needs of the case. Fed. R. Civ. P. 26; *Exter Shipping, Ltd. v. Kilakos*, 310 F. Supp. 2d 1301, 1317 (N.D. Ga. 2004) (discussing elements of veil piercing).

MIC looks forward to discussing these issues in greater detail at the status conference. In the meantime, MIC is available at the Court's convenience to discuss any questions that the Court may have.

Respectfully,



The Honorable Amy Totenberg
February 23, 2017
Page Six


**DLA Piper LLP (US)**

Lesli C. Esposito
Partner



cc:     Special Master Dokson
        All Counsel of Record

# EXHIBIT   1

James E. Butler, Jr., P.C.*    David T. Rohwedder*       Michael L. Thurmond        
Joel O. Wooten               Joseph M. Colwell         *Of Counsel*
Brandon L. Peak             Ramsey B. Prather
John C. Morrison III         Christopher B. McDaniel    * admitted in GA & AL
Tedra L. Cannella           Rory A. Weeks            ** admitted in GA & FL
Robert H. Snyder**

February 15, 2017

*VIA EMAIL & FEDERAL EXPRESS*

Robert N. Dokson, Esq.
Ellis Funk, P.C.
One Securities Center, Suite 400
3490 Piedmont Road N.E.
Atlanta, Georgia 30305-4808

Re:    *United States of America ex rel., Victor E. Bibby and Brian J. Donnelly v. William L. "Bill" Edwards, individually and as trustee, and Mortgage Investors Corporation*, United States District Court for the Northern District of Georgia Atlanta Division, Civil Action File No. 1:12-cv-04020-AT

Dear Mr. Dokson:

Relators write to seek guidance regarding discovery in this case.  On January 27, 2017, you served the parties with your report and recommendation ("R&R") on Relators NoD regarding the 7th RPDs.  On January 31, 2017, you filed your R&R on the docket.  Doc. 655.  Pursuant to the Second Order appointing you as Special Master, the parties had five business days to file objections to the R&R.  Doc. 255 at 8-9.  No party filed any objections and the time to do so has now passed.

Under the Second Order, a R&R that is not objected to by the parties is self-executing. *See* Doc. 255 at 9 (noting the Court will review objections after any response thereto has been filed but stating nothing about a review by the Court when no objections are filed); *see also* Fed. R. Civ. P. 53(f) (providing standards of review for factual and legal findings when objections are made but providing no standard of review when objections are not made).  In other words, compliance with your R&R was mandatory, despite the fact that the Court has not entered an Order on the R&R.

It has now been nineteen days since your R&R was served and sixteen days since you filed the R&R on the docket.  MIC has done absolutely nothing to comply.  MIC has not produced a privilege log identifying any allegedly privileged documents related to the Bailey Salary issue, even though MIC was required to produce a log "within ten (10) days of the date of [the] R&R."  Doc. 655 at 16.  MIC is thus already in violation of your R&R.

**REPLY TO Atlanta:**
2719 Buford Highway • Atlanta, GA 30324
404.321.1700 • 1.800.242.2962 • FAX 404.321.1713

**Columbus Office:**
P.O. Box 2766 • Columbus, GA 31902
105 13th Street • Columbus, GA 31901
706.322.1990 • 1.800.2962 • FAX 706.323.2962

www.butlerwooten.com

Robert N. Dokson, Esq.
February 15, 2017
Page 2

In addition, MIC has produced none of the documents you ordered MIC to produce. Your R&R did not provide any time by which MIC should produce the documents. Given MIC's recent refusal to provide even an estimate of when the documents will be produced, we ask that you revise your R&R to include a direction that MIC produce the responsive documents within five (5) business days of the entry of your revised R&R. MIC should have already produced the documents. Relators simply can't wait any longer given the imminent expiration of the Court-Ordered deadline for veil-piercing discovery.

Edwards and MIC asked the Court for a bifurcated scheduling order – FCA claims first, followed by veil piercing. The Court rejected that request noting: "[g]iven the history of this case and the seriousness of the allegations relating to the scheme underlying the 2012 and 2013 transfers [to Edwards], pushing this case towards judgment sooner rather than later is, in the absence of anything resembling a 'stay put' agreement, in the interests of all parties and the Government." Doc. 581 at 3. MIC and Edwards appear to now be attempting to subvert the Court's scheduling Order and to cause a *de facto* bifurcation by refusing to take part in veil piercing discovery while the FCA discovery progresses. MIC's response to the R&R is a perfect example. When asked by Relators when MIC intended to comply with the R&R, MIC counsel stated they had put the document production on the "back burner while [they] deal with other pressing matters in this case and others" and refused to give an approximate date when the R&R would be complied with because they needed to "turn back" to getting ready for FCA expert depositions. Lest Relators' counsel face another accusation of misrepresenting communications, Relators attach a true and correct copy of the correspondence between Relators' counsel and MIC counsel as Ex. A.

This is a real problem. Veil piercing discovery ends on March 10 – 23 days from now. To date, Edwards and the entities that he controls have produced absolutely nothing and MIC has completely ignored your R&R. Edwards' and MIC's obstruction has gone into overdrive.

For example, Edwards directed the lawyers representing Edwards' wholly owned company MSP to refuse to produce any documents that have not already been produced by MIC. On February 1, 2017, Relators filed a NoD asking the Court to Order Edwards to produce the MSP documents, which clearly are under Edwards' possession, custody and control. Doc. 660. Edwards' new lawyers at Greenberg Traurig didn't even bother to respond to the NoD. Instead, Edwards directed the Holland & Knight law firm to file a motion to quash the subpoena in Tampa, Florida. Relators are preparing their response and motion to transfer.

For example, Edwards served objections to the Interrogatories and Requests for Production of Documents served on him January 2, 2017 refusing to produce any documents and to respond to any of Relators' interrogatories. To date, Edwards hasn't even bother to serve final responses to Relators' discovery. Relators filed their NoD on Edwards' discovery responses on February 9, 2017. Doc. 674.

Robert N. Dokson, Esq.
February 15, 2017
Page 3

For example, MIC instructed Grant Thornton to object to producing audit related records (even though the objections are baseless and MIC didn't even bother to review the records to determine if there was any privileged materials contained therein). Relators filed their NoD on the Grant Thornton subpoena on February 6, 2017. Doc. 665.

For example, MIC refused to produce documents reflecting the purported advice provided to MIC by its Holland and Knight lawyers regarding "board issues", refused to even log any documents withheld on the basis of privilege, and refused to produce communications with MIC's "absentee shareholders" Linda Edwards and Derek VanHoose. Relators filed their NoD on MIC's refusal to comply with its discovery requests on February 1, 2017. Doc. 661.

Even as to the FCA discovery, Edwards and MIC have engaged in complete obstruction. Defendants' lawyers at DLA Piper objected to producing any documents in response to Relators subpoena served on defendants' title-expert Anastasi's company, Genesis Abstract. Relators filed their NoD on that dispute on January 3, 2017. Doc. 619. After the NoD was filed, Genesis (represented by defendants' DLA Piper lawyers) filed a motion to quash the subpoena in the District Court of New Jersey instead of resolving the dispute in this Court as was the parties' prior practice before Edwards was added as an individual defendant. As a result, Relators had to engage local counsel in New Jersey, file a motion to transfer the motion to quash back to this Court and file a nearly thirty-page brief in opposition to the motion. The motion to quash and the motion to transfer are still pending.

It is crystal clear to Relators what is going on here. Edwards has no intention of complying with his discovery obligations. Edwards' lawyers were present at the Court's hearing on the cross-motions for summary judgment in the WF case on January 18. Edwards now is plainly stalling in the hope the Court will apply the 5th Circuit *Miller* decision in the WF case.

We've said it before, but it is now truer than ever: discovery in this case is dead in the water. To be frank, Robbie, we are at a loss about how to proceed. Nothing works. As a result of Edwards and MIC's obstruction, someone will have to file a motion to extend the veil piercing 'fact discovery' period which expires in 23 days. Who should file that motion remains to be seen. Relators have done everything that the Court instructed them to do -- all of the obstructed discovery described above was served on defendants on January 2, 2017, the first day of the discovery period. It has been Edwards and MIC that have obstructed all discovery – they should be required to file the motion to extend the discovery period and explain their actions to the Court.

Edwards and MIC have continuously asked that all discovery matters be referred to you. Perhaps you can sort out the absolute mess that has been caused by Edwards' and MIC's complete and total obstruction. Relators certainly are at a loss as to how to proceed.

Robert N. Dokson, Esq.
February 15, 2017
Page 4

Sincerely,

BUTLER WOOTEN & PEAK LLP

Robert H. Snyder

RHS/bt
Enclosure
*Via Email Only:*
cc:    John R. Bartholomew, IV, Esq.
        Counsel for Edwards and MIC:
            Lesli C. Esposito, Esq.
            John D. Huh, Esq.
            Brian J. Boyle, Esq.
            Alvin Johnson, Jr., Esq.
            Christian M. Van Buskirk, Esq.
            Matthew R. Rosenkoff, Esq.
            Michael J. King, Esq.
            Jeffrey M. Smith, Esq.
        James E. Butler, Jr., Esq.
        Joel O. Wooten, Esq.
        Brandon L. Peak, Esq.
        Marlan B. Wilbanks, Esq.
        Joseph M. Colwell, Esq.
        Ramsey B. Prather, Esq.
        Ms. Beth Glen
        Ms. Zana Mixson
        Ms. Beth Telgenhoff

# EXHIBIT A

| From: | Esposito, Lesli <Lesli.Esposito@dlapiper.com> |
|---|---|
| Sent: | Monday, February 13, 2017 6:38 PM |
| To: | Rob Snyder |
| Cc: | Boyle, Brian; Robbie Dokson; Jim Butler; Brandon Peak; Joseph Colwell; Ramsey Prather; Zana Mixson; Beth Glen; Betht Telgenhoff; Huh, John; mrosenkoff@taylorenglish.com; Geneva Green |
| Subject: | Re: Relators (Bibby, etc.) v. MIC and Edwards/ Special Master's R&R re NOD Doc. 456 |

For now, it will have to do as we don't have a better timeframe. Once we have an approximate date, we will let you know. Thank you.

We are busy preparing for expert depositions and I now need to turn back to that. We look forward to seeing you and Mr.Bibby at his deposition this week, which we are busy preparing for.

Lesli

Sent from my iPhone

On Feb 13, 2017, at 6:21 PM, Rob Snyder <Rob@butlerwooten.com> wrote:

> This is not jousting – it is a legitimate issue that needs to be resolved.
>
> 25 days remain in the veil-piercing 'fact' discovery period.
>
> Relators need to know when the documents will be produced as it affects the rest of their discovery planning.
>
> Given the short amount of time left, "as soon as it is able to" is not specific enough.
>
> **Robert H. Snyder**
> Attorney at Law
>
> Butler Wooten & Peak LLP
> 2719 Buford Highway
> Atlanta, GA 30324
> (404) 321-1700
> Email: rob@butlerwooten.com
> Website: www.butlerwooten.com
>
> <image001.jpg>
>
>
>
> **From:** Boyle, Brian [mailto:Brian.Boyle@dlapiper.com]
> **Sent:** Monday, February 13, 2017 6:12 PM
> **To:** Rob Snyder <Rob@butlerwooten.com>; 'Robbie Dokson' <RDokson@ellisfunk.com>;

Jim Butler <jim@butlerwooten.com>; Brandon Peak <Brandon@butlerwooten.com>;
Joseph Colwell <Joseph@butlerwooten.com>; Ramsey Prather
<Ramsey@butlerwooten.com>; Zana Mixson <Zana@butlerwooten.com>; Beth Glen
<beth@butlerwooten.com>; Betht Telgenhoff <betht@butlerwooten.com>; Esposito,
Lesli <Lesli.Esposito@dlapiper.com>; Huh, John <John.Huh@dlapiper.com>;
'mrosenkoff@taylorenglish.com' <mrosenkoff@taylorenglish.com>
**Cc:** 'Geneva Green' <ggreen@ellisfunk.com>
**Subject:** RE: Relators (Bibby, etc.) v. MIC and Edwards/ Special Master's R&R re NOD
Doc. 456

This is devolving into another unnecessary lawyer-on-lawyer jousting match.  I can't say
yet exactly when the production will be ready.  This process takes time, and we have
many compulsory deadlines in this case and others to grapple with at the moment.  As I
said tough, MIC will act on the basis of the R&R without waiting for an order, and will
make its production as soon as it is able to do so.

**Brian J. Boyle**
Associate

**T** +1 215.656.2424
**F** +1 215.606.2048
**M** +1 973.903.5853
**E** brian.boyle@dlapiper.com
My Bio

<image002.gif>

DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
United States
www.dlapiper.com

**From:** Rob Snyder [mailto:Rob@butlerwooten.com]
**Sent:** Monday, February 13, 2017 5:31 PM
**To:** Boyle, Brian; 'Robbie Dokson'; Jim Butler; Brandon Peak; Joseph Colwell; Ramsey
Prather; Zana Mixson; Beth Glen; Betht Telgenhoff; Esposito, Lesli; Huh, John;
'mrosenkoff@taylorenglish.com'
**Cc:** 'Geneva Green'
**Subject:** RE: Relators (Bibby, etc.) v. MIC and Edwards/ Special Master's R&R re NOD
Doc. 456

When will MIC be "able" to produce the documents and the privilege log?

The R&R was served seventeen days ago and the time to object ran 12 days ago.

Please let us know.

**Robert H. Snyder**
Attorney at Law

Butler Wooten & Peak LLP
2719 Buford Highway

Atlanta, GA 30324
(404) 321-1700
Email: rob@butlerwooten.com
Website: www.butlerwooten.com

<image001.jpg>

**From:** Boyle, Brian [mailto:Brian.Boyle@dlapiper.com]
**Sent:** Monday, February 13, 2017 5:32 PM
**To:** Rob Snyder <Rob@butlerwooten.com>; 'Robbie Dokson' <RDokson@ellisfunk.com>;
Jim Butler <jim@butlerwooten.com>; Brandon Peak <Brandon@butlerwooten.com>;
Joseph Colwell <Joseph@butlerwooten.com>; Ramsey Prather
<Ramsey@butlerwooten.com>; Zana Mixson <Zana@butlerwooten.com>; Beth Glen
<beth@butlerwooten.com>; Betht Telgenhoff <betht@butlerwooten.com>; Esposito,
Lesli <Lesli.Esposito@dlapiper.com>; Huh, John <John.Huh@dlapiper.com>;
'mrosenkoff@taylorenglish.com' <mrosenkoff@taylorenglish.com>
**Cc:** 'Geneva Green' <ggreen@ellisfunk.com>
**Subject:** RE: Relators (Bibby, etc.) v. MIC and Edwards/ Special Master's R&R re NOD
Doc. 456

Counsel,
We are not ignoring you, we just have many things to attend to. Because the Court has
not entered an order, this production has been on the back burner while we deal with
other pressing matters in this case and others. In the interest of keeping things moving,
however, MIC will voluntarily make the production as soon as it is able.

**Brian J. Boyle**
Associate

T +1 215.656.2424
F +1 215.606.2048
M +1 973.903.5853
E brian.boyle@dlapiper.com
My Bio

<image002.gif>

DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
United States
www.dlapiper.com

**From:** Rob Snyder [mailto:Rob@butlerwooten.com]
**Sent:** Monday, February 13, 2017 5:13 PM
**To:** 'Robbie Dokson'; Jim Butler; Brandon Peak; Joseph Colwell; Ramsey Prather; Zana
Mixson; Beth Glen; Betht Telgenhoff; Esposito, Lesli; Huh, John; Boyle, Brian;
'mrosenkoff@taylorenglish.com'
**Cc:** 'Geneva Green'

**Subject:** RE: Relators (Bibby, etc.) v. MIC and Edwards/ Special Master's R&R re NOD Doc. 456

MIC counsel,

The courtesy of a response is requested.

Please let us know if MIC is taking the position that it has no obligation to do as the Special Master recommended absent a Court Order so we can put that issue in front of the Court if necessary.

The time to object has come and gone.


**Robert H. Snyder**
Attorney at Law

Butler Wooten & Peak LLP
2719 Buford Highway
Atlanta, GA 30324
(404) 321-1700
Email: rob@butlerwooten.com
Website: www.butlerwooten.com

<image001.jpg>



-----Original Message-----
From: Rob Snyder
Sent: Friday, February 10, 2017 4:29 PM
To: 'Robbie Dokson' <RDokson@ellisfunk.com>; Jim Butler <jim@butlerwooten.com>; Brandon Peak <Brandon@butlerwooten.com>; Joseph Colwell <Joseph@butlerwooten.com>; Ramsey Prather <Ramsey@butlerwooten.com>; Zana Mixson <Zana@butlerwooten.com>; Beth Glen <beth@butlerwooten.com>; Betht Telgenhoff <betht@butlerwooten.com>; Lesli.Esposito@dlapiper.com; John.Huh@dlapiper.com; Brian.Boyle@dlapiper.com; mrosenkoff@taylorenglish.com
Cc: Geneva Green <ggreen@ellisfunk.com>
Subject: RE: Relators (Bibby, etc.) v. MIC and Edwards/ Special Master's R&R re NOD Doc. 456

Defendants' counsel,

We've not yet received any production in response to this R&R. Please let us know if the defendants are waiting on an order from the Court approving the R&R before proceeding. Given the lack of objections, we had hoped that would be unnecessary. If defendants are not waiting on an order, please let us know when we can expect responsive documents.

Thank you.

Rob Snyder

-----Original Message-----
From: Robbie Dokson [mailto:RDokson@ellisfunk.com]
Sent: Friday, January 27, 2017 11:33 AM
To: Jim Butler <jim@butlerwooten.com>; Brandon Peak
<Brandon@butlerwooten.com>; Joseph Colwell <Joseph@butlerwooten.com>; Rob
Snyder <Rob@butlerwooten.com>; Ramsey Prather <Ramsey@butlerwooten.com>;
Zana Mixson <Zana@butlerwooten.com>; Beth Glen <beth@butlerwooten.com>; Betht
Telgenhoff <betht@butlerwooten.com>; Lesli.Esposito@dlapiper.com;
John.Huh@dlapiper.com; Brian.Boyle@dlapiper.com; mrosenkoff@taylorenglish.com
Cc: John_Bartholomew@gand.uscourts.gov; Geneva Green <ggreen@ellisfunk.com>
Subject: Relators (Bibby, etc.) v. MIC and Edwards/ Special Master's R&R re NOD Doc.
456

Counsel:

   Attached you will find the following: Special Master's Report & Recommendation
("R&R") As To Referred Notice of Dispute ("NOD") Document 456.

For some reason unintelligible to my electronically challenged brain, my Assistant was
unable to have this R&R successfully filed electronically on the Court's docket yesterday,
and John Bartholomew also was not able to help accomplish electronic filing.  We are
still working on correcting whatever needs correcting to get this filed on the electronic
docket.  However, because the current discovery period is short (and also because it has
taken me a bit longer to complete this R&R than I had originally anticipated), I wanted
to get this R&R in your hands as soon as possible, so I am not waiting to send it out until
the electronic filing snafu is corrected.  We will file this on the docket as soon as we can,
hopefully later today or early next week.

      RND

Robert N. Dokson, Special Master
Ellis Funk, P.C.
One Securities Center, Suite 400
3490 Piedmont Road N.E.
Atlanta, Georgia 30305-4808
(404) 233-2800, ext. 235
(404) 233-2188 (fax)
Email:  rdokson@ellisfunk.com

This e-mail may contain confidential and privileged material for the sole use of the
intended recipient(s). Any review, use, distribution or disclosure by others is strictly
prohibited. If you are not the intended recipient (or authorized to receive for the

recipient), please contact the sender by reply e-mail and delete all copies of this message.


-----Original Message-----
From: copier@ellisfunk.com [mailto:copier@ellisfunk.com]
Sent: Friday, January 27, 2017 12:34 PM
To: Robbie Dokson
Subject: scanner@ellisfunk.com


------------------
%printer
[%etheraddr]
------------------
------------------
TASKalfa 4500i
[00:c0:ee:87:88:54]
------------------
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.
Please consider the environment before printing this email.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.


The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

# EXHIBIT   2

| | |
|---|---|
| **From:** | Huh, John |
| **Sent:** | Wednesday, February 15, 2017 1:13 PM |
| **To:** | 'Jim Butler'; 'Robbie Dokson'; 'Brandon Peak'; 'Joseph Colwell'; 'Rob Snyder'; Esposito, Lesli; 'mrosenkoff@taylorenglish.com'; Boyle, Brian; 'smithj@gtlaw.com'; 'kingm@gtlaw.com' |
| **Cc:** | 'John_Bartholomew@gand.uscourts.gov' |
| **Subject:** | RE: Relators (Bibby, etc.) v. MIC and Edwards/ Periodic Status Conference |

Special Master,

We will try our best to submit MIC's response to relators' letter brief prior to the scheduled call. However, relators' letter brief and email below continue to undermine the Special Master's procedures and the purpose of the Court's Orders appointing the Special Master. The Special Master has scheduled status conference calls with the parties to avoid such inefficient and time-consuming exchanges of letter briefs. Neither the Special Master nor the Court has requested a letter brief from relators' counsel in lieu of participating on the Special Master's status conference call. If relators have time to prepare uninvited letter briefs, they should make time to participate in a scheduled status conference call. Notably, relators decided to submit their uninvited letter brief the day before the deposition of relators' purported expert (one of the relators). We will not let relators interrupt our preparation for that deposition.

Throughout this case, relators have attempted to belittle the Court's Orders appointing the Special Master, particularly the sections regarding the Special Master dealing with incipient issues for preemptive resolution. (See Second Appointing Order at 2). Relators' email below demonstrates that they do not want to engage in good faith discussions regarding potential or current discovery disputes, and that they have no real desire to resolve such disputes in an expedited manner. Rather, the below email is consistent with past attempts to fabricate discovery disputes and necessitate motion practice in order to support yet another motion for an extension of discovery and/or their typical motion for evidentiary sanctions.

Please let us know if you need additional dates of availability from MIC's counsel. Otherwise, we will make sure that at least one of us will be available at 4:30 PM tomorrow. We do not understand why relators' counsel cannot make the same arrangements, particularly given the high number of relators' counsel of record.
Respectfully,
John



John D. Huh
Partner

**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street - Suite 4900
Philadelphia, Pennsylvania 19103

215.656.2450 T
215.606.2150 F
john.huh@dlapiper.com

www.dlapiper.com
LinkedIn

**From:** Jim Butler [mailto:jim@butlerwooten.com]
**Sent:** Wednesday, February 15, 2017 12:43 PM

**To:** 'Robbie Dokson'; Brandon Peak; Joseph Colwell; Rob Snyder; Esposito, Lesli; mrosenkoff@taylorenglish.com; Huh, John; Boyle, Brian; smithj@gtlaw.com; kingm@gtlaw.com
**Cc:** John_Bartholomew@gand.uscourts.gov
**Subject:** RE: Relators (Bibby, etc.) v. MIC and Edwards/ Periodic Status Conference

Robbie, tomorrow we'll be in the Edwards/MIC deposition of Victor Bibby.   Following that I have to travel.   We will be unavailable at 430.  See letter Rob just sent.   We think it would be most productive for you to study that letter, and perhaps for Edwards/MIC to respond, before we discuss the contents of the letter, which cover many of the subjects outlined below.

Discussing these things piecemeal have gotten us nowhere.

Responding specifically using the enumerations you used below:

1 – Both NoDs pending; not assigned to you.
2 – NoD pending; not assigned to you; fully briefed in District Court in New Jersey.
3 – No scheduling issues, except as to Mr. Donnelly, whose treatment for cancer has caused a delay.
4 – NoD pending; not assigned to you.
5 – NoD pending; not assigned to you.
6 – See Rob's letter of today which describes the "issues."
7 – NoD pending; not assigned to you; Motion to Quash pending in District Court in Tampa FL.
8 – None for Relators.
9 – We can do via email.

There seems, quite literally, nothing to discuss just now.

Thanks

Jim

**From:** Robbie Dokson [mailto:RDokson@ellisfunk.com]
**Sent:** Wednesday, February 15, 2017 11:30 AM
**To:** Jim Butler <jim@butlerwooten.com>; Brandon Peak <Brandon@butlerwooten.com>; Joseph Colwell <Joseph@butlerwooten.com>; Rob Snyder <Rob@butlerwooten.com>; Lesli.Esposito@dlapiper.com; mrosenkoff@taylorenglish.com; John.Huh@dlapiper.com; Brian.Boyle@dlapiper.com; smithj@gtlaw.com; kingm@gtlaw.com
**Cc:** John_Bartholomew@gand.uscourts.gov
**Subject:** Relators (Bibby, etc.) v. MIC and Edwards/ Periodic Status Conference

Counsel:

   We have a regularly scheduled periodic Status Conference scheduled for tomorrow afternoon, Thursday, 2/16, at 4:30 p.m.

   Dial-in instructions are as follows:  678-244-8190;  then 235#

   Given changes in the counsel line-ups ,I am not sure if I have sent this e-mail to all who should receive it.  If anyone receiving this e-mail is aware of anyone omitted who should have been included, please forward to the overlooked counsel.

   I have reviewed both the report of our last such conference ( Report No. 38) and also items that have crossed my desk since that last conference, and I come up with a fairly long agenda of discussion items, as follows:

From Report No. 38:

1.  Status of the Objections to MIC's subpoenas by non-parties Alexander, Hubele, Todd (including now MIC's NOD Doc. 644), and U.S. Financial (including MIC's NOD Doc. 645)—see Item 2 in Report No.38;
2.  Status of Genesis subpoena and dispute relating thereto (see Item 3 in Report No. 38);
3.  Various deposition scheduling and location issues, including Todd, Anastasi, Skanderson and Mr. Donnelly (in view of his illness and treatment schedule);

New Items:

4.  Relators' NOD re Edwards alleged refusal to respond to discovery (Doc. 674);
5.  Relators' NOD re Grant Thornton (Doc. 665);
6.  Document production issues related to Special Master's R & R re NOD Doc. 456;
7.  Relators' subpoena to Marketing Solutions Publications;
8.  Any other items which any party would like to add to the agenda; and
9.  Scheduling of next periodic status conference (keeping in mind Mr. Butler's 3/12-3/19 leave of absence, as well as my vacation for most of April; so we may want to look at scheduling the next conference in late March, but subject to convening sooner if something comes up which makes this necessary).


If any counsel has any other items which you would suggest we add to this agenda, please let me and opposing counsel know asap.

I look forward to speaking with everyone tomorrow afternoon.

RND

**Robert N. Dokson, Special Master**
Ellis Funk, P.C.
One Securities Center, Suite 400
3490 Piedmont Road N.E.
Atlanta, Georgia 30305-4808
(404) 233-2800, ext. 235
(404) 233-2188 (fax)
Email:  rdokson@ellisfunk.com

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.